**Donald Lee CRAIG, Petitioner–Appellant,**

v.

**Harry K. SINGLETARY, Secretary Department of Corrections, State of Florida, Robert A. Butterworth, Attorney General, Attorney General of the State of Florida, Respondents–Appellees.**

No. 93–5123.

United States Court of Appeals, Eleventh Circuit.

Sept. 25, 1996.

Paul M. Rashkind, Asst. Federal Public Defender, Miami, FL, for Appellant.

Consuelo S. Maingot, Office of Attorney General, Miami, FL, for Appellees.

ON PETITION FOR REHEARING

Before HATCHETT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BY THE COURT:

We supplement and clarify our holding on the validity of Craig's arrest.

Craig was in the hands of the police, in a police car and then at the police station, for seven or eight hours before he gave what the State refers to as his "initial confession," in which he implicated himself. It is clear to us that Craig was in custody at the police station, if not earlier in the car. He never left the police station, and while there he was interrogated numerous times, accused of lying and given a polygraph test, and was given *Miranda* warnings six or seven times.

The trial court conducted a full-blown motion to suppress hearing. The position of the prosecution was that Craig was not placed

under arrest until after he gave the "initial confession" and that the confession itself supplied the probable cause for arrest. At the motion hearing the State was faced with several problems. One was the issue of voluntariness raised by the length of time Craig had been in police hands, the repeated interrogations, and the fact that he said he had been denied food and had been struck by one of the officers. Also, he had made a request for counsel, as discussed in our opinion. Accordingly, the State sought to place the time of Craig's arrest as late as possible in the stream of events. It, therefore, asserted that before Craig gave the "initial confession" no arrest had occurred, and under police procedures an arrest could not have occurred because, until after the confession was given, there was no probable cause to arrest.

As set out in our opinion, both the police officer and the prosecutor considered that Newsome's unsworn statement, which implicated Craig, and was given prior to Craig's "initial confession," could not of itself have constituted sufficient probable cause for a valid arrest of Craig. A question has been raised of whether their assessment of lack of probable cause was correct. Since we hold that Craig was in custody before he gave his "initial confession," and before Newsome incriminated him we do not need to review the correctness of the professional assessments by the officer and the prosecutor that Newsome's incriminating statement was not alone sufficient probable cause to arrest Craig.

The petition for rehearing does not question the correctness of the concession by the officer and the prosecutor, or recede from it. Indeed, for the government to do so would undergird further the invalidity of the "initial confession."

■ The issue raised by the petition for rehearing concerns whether under *Taylor v. Alabama*, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982), the consequences of Craig's illegal arrest were attenuated before the midnight "addendum confession" was given. We adhere to our holding on that issue. The petition is DENIED.